UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CATALINO MORALES, : | |
|   Petitioner, : | |
| : | |
| v. : | Case No. 3:22-CV-509 (SVN) |
| : | |
| COMMISSONER OF DEPARTMENT OF : | |
| CORRECTION ("DOC"), : | |
|   Respondent.[1] : | |

### ORDER REQUIRING PETITIONER TO FILE AMENDED PETITION AND DECLARATION

On April 6, 2022, the petitioner filed this federal petition under 28 U.S.C. § 2254, challenging his conviction in Connecticut Superior Court. Pet., ECF No. 1.

Petitioner has not signed his section 2254 petition, and he fails to set forth the grounds for any habeas relief. In addition, the petition appears to be untimely under 28 U.S.C. § 2244(d). Thus, the Court directs Petitioner to file an amended petition, by June 13, 2022, that is signed and states the specific grounds for his petition. Petitioner must also file, by June 13, 2022, a declaration showing cause why the amended petition should not be denied as time barred.

I.   **DISCUSSION**

Petitioner's section 2254 petition is unsigned and does not articulate his grounds for habeas relief. *See* Pet. at 2-6. He has filed an attachment that appears to be a copy of his motion for certification for review of the Connecticut Appellate Court's decision in his state habeas case. ECF No. 1-1. The Court will not surmise whether this attachment sets forth Petitioner's grounds for habeas relief in this matter. If he wishes to proceed in this matter, Petitioner must submit an

---

[1] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). Review of the publicly available information at the DOC website reflects that Petitioner is currently within the custody of the DOC serving a sentence of 37 years of incarceration. *See* http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=292405 (last visited April 13, 2022).

amended section 2254 petition, within sixty days of this order's filing date, that is, by **June 13, 2022,** that is signed and states the specific grounds for habeas relief.

Petitioner's section 2254 action also appears to be time-barred. A prisoner seeking habeas relief under section 2254 generally must file a petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)-(2).

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation [under section 2244(d)(2)]." *See* 28 U.S.C. § 2244(d)(2). Postconviction motions filed after the one-year limitations period expires, however, do not start the limitations period anew. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Equitable tolling may be available if Petitioner can show that he was pursuing his rights diligently, but some extraordinary circumstance prevented him from submitting the petition on or before expiration of the limitations period. *See Holland v. Florida*, 560 U.S. 631, 649 (2010)

The instant petition alleges that the Connecticut Supreme Court denied certiorari on Petitioner's direct appeal on September 20, 2005. Pet. at 2-3. Petitioner's judgment of conviction consequently became final on December 19, 2005, following "the expiration of [the 90-day period of] time to petition for certiorari in the Supreme Court of the United States." *Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir. 2000). Petitioner alleges that he commenced his state habeas action on September 21, 2015. Pet. at 3. Because Petitioner does not allege that he filed any postconviction

motions in the Connecticut state courts before the one-year limitations period expired, he has not shown any basis for tolling under section 2244(d)(2).

The Court therefore directs Petitioner to file a declaration, within sixty days of the filing date of this order, that is, by **June 13, 2022,** stating why this application should not be dismissed as time barred. Petitioner should list the dates on which he filed any postconviction state court applications and motions in which he challenged this conviction. In addition, Petitioner should describe any facts showing that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this petition prior to the expiration of the limitations period.

If Petitioner timely files a declaration and an amended petition that is signed and alleges the specific grounds for habeas relief under 2254, the Court will consider whether the petition is timely and whether respondent should show cause why the habeas petition should not be granted. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, or if the declaration is insufficient to demonstrate that the petition was timely filed, the Court will deny the petition as time-barred. No answer shall be required at this time.

## II.   CONCLUSION

For the foregoing reasons, Petitioner is instructed to file, by **June 13, 2022**, his amended section 2254 Petition and his declaration to show cause why this matter should not be dismissed as time barred under section 2244(d).

The Clerk of Court is directed to send a copy of this order to Petitioner and note service on the docket.

**SO ORDERED** at Hartford, Connecticut, this 13th day of April, 2022.

                                              /s/ Sarala V. Nagala
                                              SARALA V. NAGALA
                                              UNITED STATES DISTRICT JUDGE